08-1884-cv
Dong v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of July, two thousand ten.

PRESENT: DENNIS JACOBS,
                    Chief Judge,
            ROSEMARY S. POOLER,
                    Circuit Judge.*

- - - - - - - - - - - - - - - - - - - -X
SUN YI DONG,

          PETITIONER,

          -v.-                                          08-1884-cv

ERIC H. HOLDER, Jr., UNITED STATES
ATTORNEY GENERAL,

---

* The Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 10, 2009. The two remaining members of the panel, who are in agreement, have determined the matter. <u>See</u> 28 U.S.C. § 46(d); Local Rule 0.14(2); <u>United States v. Desimone</u>, 140 F.3d 457 (2d Cir. 1998).

**RESPONDENT**.[**]

- - - - - - - - - - - - - - - - - - - - - - - -X

**FOR PETITIONER:**                    STUART ALTMAN, ESQ. (Liu Yu, Esq., on the brief), New York, NY.

**FOR RESPONDENT:**                    JENNIFER R. KHOURI, Office of Immigration Litigation, United States Department of Justice (Gregory G. Katsas, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director, Office of Immigration Litigation, on the brief), Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part, the order of the BIA is VACATED in part, and that the case is REMANDED for further proceedings.

Petitioner Sun Yi Dong, a native and citizen of the People's Republic of China, seeks review of the March 28, 2008 order of the BIA affirming the December 12, 2006 decision of Immigration Judge ("IJ") Robert Weisel, denying his applications for asylum, withholding of removal under § 241(b)(3) of the Immigration and Nationality Act, and withholding of removal under the Convention Against Torture. See In re Sun Yi Dong, No. A 99 667 844 (B.I.A. Mar. 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

The BIA found that Dong failed to establish that he was subject to past persecution in China for his Falun Gong practices, when, *inter alia*, he was arrested and detained for 21 days, during which time he was interrogated and provided bread and water only every three to four days. The BIA also found that Dong failed to establish a well-founded fear of future persecution based on China's pattern and practice of persecuting Falun Gong practitioners. We vacate

---

[**] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

and remand for further action with respect to both findings.[1]

With respect to Dong's claim of past persecution, the record suggests that the IJ and BIA may have concluded that Dong could establish past persecution only if he was subjected to physical violence. See, e.g., In re Sun Yi Dong, No. A 99 667 844 (B.I.A. Mar. 28, 2008) (stating that Dong "was never physically harmed and was never arrested again," and concluding that "the experiences described by the respondent are insufficient to establish past persecution"); In re Sun Yi Dong, No. A 99 667 844 (Immig. Ct. N.Y. City Dec. 12, 2006) ("During his detention there was no evidence of beatings, torture or extended detention with intimidation."); id. ("There was no evidence . . . that he was ever physically mistreated subsequent to October 2005."). That would be the wrong legal standard. We have cautioned the BIA to "be keenly sensitive to the fact that . . . any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution." Beskovic v. Gonzales, 467 F.3d 223, 226 (2d Cir. 2006). Because the BIA may have erroneously concluded that the lack of physical violence against Dong foreclosed his asylum claim, we vacate and remand for further consideration.

As to Dong's claim of future persecution, he relies on the Chinese government's pattern and practice of persecuting Falun Gong practitioners. We conclude that the agency erred in failing to consider the country condition report that Dong submitted to the IJ. See Yan Chen v. Gonzales, 417 F.3d 268, 272 (2d Cir. 2005) (finding "significant error" in the BIA's failure to consider a country condition report). Additionally, to the extent the IJ may have assumed that Dong needed a high level of doctrinal knowledge to be eligible for asylum, that reasoning would also be in error. See Rizal v. Gonzales, 442 F.3d 84, 90 (2d Cir. 2006).[2]

---

[1] Dong has waived any challenge to the denial of his claim for relief for removal under the Convention Against Torture.

[2] In light of the REAL ID Act, it is unclear whether or not our Circuit's rule--that an IJ is under no obligation to provide pre-decision notice to the applicant that his/her testimony might require corroboration--remains good law.

Accordingly, we GRANT the petition for review in part, VACATE the order of the BIA in part, and REMAND to the BIA for further proceedings consistent with this order.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

---

See 8 U.S.C. § 1158(b)(1)(B)(ii); Chuilu Liu v. Holder, 575 F.3d 193, 198 (2d Cir. 2009). As we remand on other grounds, it is unnecessary to decide this question in the first instance here. Nothing in this order prevents Dong from moving to reopen the administrative record on remand to provide corroborative evidence, if he is otherwise able to do so.

4